Singh v. Garland

BIA
Gordon-Uruakpa, IJ
A206 089 461

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

BALJIT SINGH,
> *Petitioner,*

v.                                                    **23-6301**
                                                      **NAC**

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:          Jana Junuz, Law Offices of Jana Junuz, P.C., S. Richmond Hill, NY.

FOR RESPONDENT:    Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Walter Bocchini, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Baljit Singh, a native and citizen of India, seeks review of a March 7, 2023, decision of the BIA affirming a November 15, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Baljit Singh*, No. A206 089 461 (B.I.A. Mar. 7, 2023), *aff'g* No. A206 089 461 (Immig. Ct. N.Y. City Nov. 15, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on," among other things, "the consistency

2

between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Singh alleged that rival party members threatened him and attacked him twice on account of his support for the Shiromani Akali Dal Mann Party. Substantial evidence supports the agency's determination that Singh was not credible.

The agency reasonably found Singh not credible based on the nearly identical language in his own statement and his supporting affidavits. *See Singh v. B.I.A.*, 438 F.3d 145, 148 (2d Cir. 2006) (upholding adverse credibility determination based, in part, on "nearly identical language in the written affidavits allegedly provided by different people in India"); *see also Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[O]ur case law on intra-proceeding similarities has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that

3

the statements are 'canned.'"). Singh provided a personal statement and four supporting affidavits that are nearly identical apart from variations in pronouns. When questioned at the hearing, Singh denied providing his statement to any of the affiants or instructing them on what to say, but he had no compelling explanation as to why the affidavits were so similar to his own statement. Accordingly, the agency reasonably found that the similarities impugned Singh's credibility. *See Mei Chai Ye*, 489 F.3d at 519 ("[I]n most cases, it is reasonable and unproblematic for an IJ to infer that an applicant who . . . submits the strikingly similar documents is the common source of those suspicious similarities."); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The agency also reasonably relied on inconsistent evidence regarding who attempted to report Singh's attackers to the police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Singh's asylum application and his mother's affidavit stated that, after the first alleged attack, Singh and his father went to the police station to file a complaint against his attackers, but the police refused to take the complaint and pushed him and his father out of the station. In contrast, the

4

affidavits from his uncle, friend, and the sarpanch state that they each accompanied Singh's father to the police station the day after the attack and were pushed out by the police officers.[1]

Even though this inconsistency may have stemmed from the same source as the agency's other ground for doubting Singh's credibility—the identical language used by Singh's own statement and his supporting affidavits—the agency still acted reasonably in relying on it because Singh failed to compellingly explain the inconsistency. When asked if his father made four separate trips to the police station in a single day—only one with Singh himself—as suggested by the multiple statements, Singh conceded that even though he had lived in the same house as his father, he had no knowledge of multiple trips to the police station. Singh therefore did not compellingly explain this inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (emphasis in original)).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (*per curiam*) ("An applicant's failure to

---

[1] This inconsistency may well have resulted from the affidavits being copied from Singh's asylum statement; as discussed above, each affidavit repeats Singh's own statement virtually verbatim.

corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). As previously noted, the affidavits were strikingly similar and conflicted with each other and thus did not reliably corroborate his claims. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.").

The similarity of the affidavits to Singh's statement, the inconsistency, and the lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273; *Singh*, 438 F.3d at 148. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6